**Johnnie CHEWIE, Plaintiff,**

v.

**Richard W. LOCK, County Attorney, Delaware County, Oklahoma, the Honorable William Nowlin, Justice of the Peace, Delaware County, Oklahoma, and Wendell Bever, Director, Department of Wildlife Conservation, State of Oklahoma, Defendants.**

**Civ. No. 6404.**

United States District Court
N. D. Oklahoma.

Nov. 9, 1966.

A. F. Ringold and Gerald E. Kamins, Tulsa, Okl., for plaintiff.

D. Luster Cook, Asst. Atty. Gen., Oklahoma City, Okl., for defendant.

Before JOHN C. PICKETT, Circuit Judge, BARROW, Chief Judge, and DAUGHERTY, District Judge.

### ORDER DISSOLVING THREE-JUDGE COURT

PER CURIAM.

This action was brought by the plaintiff Johnnie Chewie against the defendants, who are officials of the State of

Oklahoma in the capacities indicated in the caption, alleging that said defendants were in the process of enforcing Title 29 Oklahoma Statutes Section 203 (hunting without a license) and Section 302 of said Title (hunting during closed season and unlawful possession of deer meat) against him, whereas, by virtue of Title 18 United States Code Section 1151 (defining Indian country), Section 1152 of said Title (giving the United States exclusive jurisdiction over Indian country), Article I, Section 8 of the United States Constitution (regulating Commerce with Indian Tribes), Article VI, Clause 2 of the United States Constitution (Supremacy Clause), treaties (not identified) and Administrative rulings (not identified), the plaintiff is not subject to the said State Statutes and the same may not be applied to him. Plaintiff asks that the enforcement of said State Statutes against him be restrained.

The plaintiff requested the formation of a Three-Judge Court pursuant to Title 28 United States Code Section 2281 and 2284. Upon notification by the assigned District Judge such a Court was constituted by the Chief Judge of this Circuit.

The Three-Judge Court so constituted heard the evidence of all parties concerned in order not to delay the matter and lend assistance in resolving the doubt as to the propriety of a Three-Judge Court in the matter. Following such evidentiary hearing the Court called on the parties to file briefs on the question of the requirement of a Three-Judge Court in this case. The briefs have been received and the Court has made independent research regarding this problem.

■ It now clearly appears that the plaintiff does not attack the two Oklahoma Statutes involved upon the ground of their unconstitutionality as being repugnant to the Due Process Clause or Equal Protection Clause or other traditional clauses of the Federal Constitution, but rather that said State Statutes have been pre-empted by or are in con-

flict with the Federal Statutes cited above pertaining to Indian country. Thus, the attack of plaintiff is grounded in the Supremacy Clause of the United States Constitution. If a State measure conflicts with a Federal requirement, the State provision must give way. This is to say that if the cited Federal Statutes defining and pertaining to Indian country apply to the facts of this case and the plaintiff was arrested while hunting in Indian country under exclusive Federal jurisdiction, the State Statutes would not apply to that area or to him therein. On the other hand, if the Federal Statutes do not apply here, the State Statutes would. The case then involves a comparison of the two sets of Statutes.

■ The recent case of *Swift & Company v. Wickham*, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965), has put to rest much confusion previously existing in this field of law. This case holds "that three-judge courts are not required in Supremacy Clause cases involving only federal-state statutory conflicts, * * * *" and the case states that the above rule applies not only to federal statutes but regulations (Administrative rulings) thereunder and federal treaties. Also see *Maison v. Confederated Tribes of Umatilla Indian Reservation* (9th Cir. 1963), 314 F.2d 169, cert. denied 375 U.S. 829, 84 S.Ct. 73, 11 L.Ed.2d 60. Any other possible constitutional claims raised by the plaintiff are deemed too insubstantial to support the jurisdiction of a Three-Judge Court.

■■ It is always the duty of any Court to inquire into its jurisdiction. In view of what has been above set forth, this Court holds that it is without jurisdiction and is of the opinion that the subject matter of this suit is properly one for determination by one Judge. The case having been originally assigned to Honorable Allen E. Barrow, Chief Judge, Northern District of Oklahoma, it is hereby reassigned to him for further proceedings, and this Three-Judge Court is hereby dissolved.